NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0729n.06

No. 11-3787

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NATALYA BOBRYVETS, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | ***Jul 05, 2012*** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.*

PER CURIAM.  Natalya Bobryvets, a native and citizen of Ukraine who is represented by counsel, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying her motion to reopen her prior applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In 2002, an immigration judge (IJ) denied Bobryvets's applications for asylum, withholding of removal, and protection under the Convention Against Torture after she entered the United States without a valid entry document in April 2000.  The IJ found that Bobryvets was not credible and that she did not present any evidence demonstrating that she suffered any alleged harm on account of a statutorily protected ground.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A).  Therefore, the IJ denied her requests for relief and ordered her removal to Ukraine.  The BIA affirmed the IJ's decision, and we denied Bobryvets's petition for review.  *See Bobryvets v. Gonzales*, 132 F. App'x 602, 604 (6th Cir. 2005).

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In January 2010, Bobryvets moved the BIA to reopen her case. In her motion, she stated that she married Oleksandr Sharykin, a Ukrainian citizen, on February 12, 2003, in the United States and had known him since 1994. Bobryvets alleged that Sharykin, who was granted withholding of removal on October 9, 2009, was involved with the KGB (former Soviet Committee for State Security) and SBU (State Security Service of Ukraine) and that this involvement caused the troubles that she claimed to have had while in Ukraine. She also claimed that Sharykin had not told her about his SBU involvement until after her asylum hearing.

The BIA denied Bobryvets's motion, holding that it was untimely pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i) because she filed the motion more than ninety days after the BIA's August 28, 2003, decision. The BIA declined to exercise its "authority to sua sponte reopen these proceedings" because Bobryvets's motion did not present "exceptional circumstances." Additionally, the BIA determined that Bobryvets's arguments and new evidence did not "overcome the adverse credibility finding made in this case, as they do not resolve, explain, or corroborate inconsistencies and omissions noted by the Immigration Judge." The BIA also noted that the new evidence "raise[d] further concerns regarding consistencies with her prior affidavit and testimony as to the events in Ukraine." Bobryvets timely filed a petition for review.

"The BIA has 'broad discretion' to grant or deny a motion to reopen." *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). Thus, we review the BIA's denial of a motion to reopen for an abuse of discretion. *Id.* "This Court will find an abuse of discretion if the denial of the motion to reopen 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id.* at 490 (citing *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). Because the BIA has broad discretion to grant or deny a motion to reopen, "a party seeking reopening or reconsideration bears a 'heavy burden.'" *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (quoting *Doherty*, 502 U.S. at 323).

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7). On August 28, 2003, the BIA affirmed the IJ's decision

denying Bobryvets asylum and ordering her removal. Bobryvets does not assert that the BIA erred in finding that her motion – filed more than six years after the IJ's decision became final – was untimely. She therefore has not demonstrated any abuse of discretion by the BIA in denying her motion to reopen as untimely.

Rather than challenge the denial of her motion, Bobryvets argues that the BIA should have exercised its discretion to *sua sponte* reopen her case. As she acknowledges, however, we lack jurisdiction to review the refusal to reopen a case *sua sponte*. *See Gor v. Holder*, 607 F.3d 180, 187–88 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 3058 (2011).

Moreover, the BIA noted that Bobryvets's new claims about Sharykin's involvement with the state security agencies raised additional questions regarding her credibility. In several instances, the affidavit she submitted with her motion to reopen conflicts with her prior testimony. Additionally, Bobryvets asserted that she learned of Sharykin's involvement with the KGB and SBU in 2003, but she did not raise these facts until 2010, after Sharykin had been granted withholding of removal. Thus, even if we had jurisdiction to review the BIA's decision denying Bobryvets's motion to reopen *sua sponte*, Bobryvets has not demonstrated that the BIA made its decision without a rational explanation, departed from established policies, or based its decision on an impermissible basis. *See Bi Feng Liu*, 560 F.3d at 490.

The petition for review is denied.